**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Kizzee, | No. CV-10-0802-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Walmart, Inc., | |
| Defendant. | |

Plaintiff commenced this action by filing a pro se complaint on April 12, 2010. Dkt. #1. Plaintiff has filed a motion to proceed in forma pauperis ("IFP"). Dkt. #4. The Court will dismiss the complaint with leave to amend and deny the IFP motion without prejudice.

**I.  Screening of the Complaint.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines

1  that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29
2  (citations omitted).

3  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff's complaint does not satisfy these pleading requirements. The complaint describes various altercations Plaintiff had with different Walmart employees, apparently while he worked for Walmart. Dkt. #1 at 2-7. On the front page, Plaintiff states that his claims are for discrimination, assault, aiding and abetting, retaliation, defamation, pain and suffering, and wrongfully trespassing, but it is unclear from the factual narrative how Plaintiff contends Walmart is liable for each of these claims. *Id.* at 1.

The complaint also fails to allege subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only if it arises under federal law or the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332(a). The complaint does not explain why this Court has subject matter jurisdiction, particularly given that the claims cited in the complaint appear to be state-law claims.

The Court will dismiss the complaint without prejudice. Plaintiff shall have until **May 3, 2010** to file an amended complaint.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and

plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references to discrimination, assault, aiding and abetting, retaliation, and defamation are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give each Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## II. Plaintiff's Obligations.

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

Plaintiff is further advised that he is responsible for having the summons and complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(1). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss

the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice. Plaintiff shall have until **May 3, 2010** to file an amended complaint.
2. Plaintiff's motion to proceed informa pauperis (Dkt. #4) is **denied** without prejudice. Plaintiff may re-file the motion if he files an amended complaint.
3. The Clerk is directed to terminate this matter without further notice of Court if Plaintiff fails to comply with this order.

DATED this 13th day of April, 2010.

_____
David G. Campbell
United States District Judge