**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Kizzee, | No. CV-10-0802-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Walmart, Inc., | |
| Defendant. | |

Plaintiff commenced this action by filing a pro se complaint on April 12, 2010. Dkt. #1. Plaintiff also filed a motion to proceed in forma pauperis ("IFP") on April 12, 2010, which the Court denied because Plaintiff's initial complaint failed to state a claim on which relief can be granted and failed to assert subject matter jurisdiction. Dkt. #5. The Court granted Plaintiff leave to amend his complaint and re-file his IFP motion. *Id.* On May 3, 2010, Plaintiff filed an amended complaint and a renewed motion for IFP. Dkt. ##6, 7. The Court will dismiss the complaint with leave to amend and deny the IFP motion without prejudice.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading

1 was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

Plaintiff's complaint does not satisfy these pleading requirements. As before, the complaint describes various altercations Plaintiff had with different Walmart employees, apparently while he worked for Walmart. Dkt. #6 at 2-4. On the first page, Plaintiff states that his claims are brought based on "discrimination in the employment on the basis of race," but Plaintiff fails to explain anywhere in his factual narrative how Walmart discriminated against him on the basis of race. *Id.* at 1. On the first page, Plaintiff also alleges that his claims are brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, but fails to explain exactly what actions Walmart is alleged to have taken that would amount to liability under these statutes.

As the Court explained in its previous order, a complaint must give a defendant fair notice of the plaintiff's claims and the grounds upon which they are based. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Plaintiff's complaint fails to give Walmart fair notice of his claims – what exactly he claims Walmart did wrong – and the grounds upon which each claim is based. Plaintiff's complaint also fails to plead facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949.

The Court will dismiss the complaint without prejudice. Plaintiff shall have until **June 4, 2010** to file an amended complaint. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that

a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references to federal statutes, such as 42 U.S.C. § 2000e, 28 U.S.C. § 1343, and 42 U.S.C. §§ 1983, 1985, and 1988 are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give each Defendant "fair notice" of exactly what each of Plaintiff's claims are and the grounds upon which each individual claim is based. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each individual claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff's amended complaint (Dkt. #6) is **dismissed** without prejudice. Plaintiff shall have until **June 4, 2010** to file an amended complaint.
2. Plaintiff's motion to proceed informa pauperis (Dkt. #7) is **denied** without prejudice. Plaintiff may re-file the motion if he files an amended complaint.
3. The Clerk is directed to terminate this matter without further notice of Court if Plaintiff fails to comply with this order.

DATED this 14th day of May, 2010.

_____
David G. Campbell
United States District Judge