**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Kizzee, ) | No. CV10-0802-PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Walmart, Inc., ) | |
| Defendant. ) | |

On April 12, 2010, Plaintiff Damon Kizzee filed a complaint against Walmart, Inc. Doc. 1. The Court entered a case management order on November 23, 2010 setting the deadline for joining parties 30 days after the order. Doc. 24. On December 22, 2010, Tiffany Simpson filed a motion to join the case as co-Plaintiff asserting discrimination by Defendant. Doc. 25. Defendant opposes on grounds that Ms. Simpson has no valid right of action against Defendant. Doc. 26. Ms. Simpson has not filed a reply.

A person seeking to permissively join a pending action must assert at a minimum (1) a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences as the pending action, and (2) common questions of law or fact with the pending action. Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Under Rule 20(a), joinder is permissive and a court may consider additional factors such as "possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to [the] pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and

1  the old parties, the effect of an amendment on the court's jurisdiction, [the] new party's
2  notice of the pending action," judicial economy, delay to the case, inconvenience, and
3  expense. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980); *see*
4  *Coughlin*, 130 F.3d at 1351.

5        Even assuming for the sake of argument that Ms. Simpson's claims arose out of the
6  same transaction and shared common issues with Plaintiff's action, the Court will deny the
7  motion for joinder on prudential grounds. Defendant asserts that Ms. Simpson is Plaintiff's
8  wife (Doc. 26 at 19), an assertion that Ms. Simpson has not disputed. Assuming the assertion
9  as true, Ms. Simpson should have been aware of Plaintiff's suit and could have joined
10 earlier.[1] Moreover, Defendant asserts that Ms. Simpson's separate suit against Defendant
11 was dismissed on June 1, 2010 for failure to state a claim, that she failed to amend her
12 complaint within the timeline set by the court order, and that she failed to appeal the
13 dismissal. Doc. 26 at 2. This assertion is borne out by the record in *Simpson v. Walmart*,
14 No. CV 10-0836-MHB. Although the dismissal was without prejudice (CV 10-0836-MHB
15 Doc. 7), the record also shows that Ms. Simpson's motion for relief from judgment was
16 denied and her case was not reopened (CV 10-0836-MHB Doc. 13). Finally, the schedule
17 in the present case would be delayed if the Court were to add a new plaintiff at this stage of
18 the litigation. Fact discovery is due by March 25, 2011 (Doc. 24), and Ms. Simpson has not
19 shown diligence so as to convince the Court that the schedule would not be delayed.
20 Accordingly, the Court will deny the motion.

21       **IT IS ORDERED** that the motion for joinder (Doc. 25) is **denied**.
22       DATED this 4th day of March, 2011.

David G. Campbell
United States District Judge

---

[1] The Court does not make a finding of fact as to the relationship between Plaintiff and Ms. Simpson.

- 2 -