**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Kizzee,<br><br>    Plaintiff,<br><br>vs.<br><br>Walmart, Inc.,<br><br>    Defendant. | No. CV10-0802-PHX-DGC<br><br><br><br>**ORDER** |

On April 12, 2010, Plaintiff Damon Kizzee filed a complaint against Walmart, Inc. Doc. 1. Walmart filed an answer on September 24, 2010 (Doc. 16), and subsequently the Court entered a case management order establishing March 25, 2011 as the deadline for discovery and April 29, 2011 as the deadline for dispositive motions (Doc. 24). This order rules on several motions pending from the parties, and will consolidate its discussion of related motions where possible.

**I.      Plaintiff's Motion for Default Judgment and Motion for Ruling.**

On April 4, 2011, Plaintiff moves for default judgment on grounds that Defendant failed to answer Plaintiff's discovery interrogatories. Doc. 37. Plaintiff later moved for a ruling on this matter before the Court rules on summary judgment. Doc. 55. To the extent Plaintiff's default judgment motion precedes Defendant's summary judgment motion, the Court will grant the motion for ruling.

Under Rule 55 of the Federal Rules of Civil Procedure, default is appropriate against a party that has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Moreover, the

general rule is that "default judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Defendant here has filed an answer, and Plaintiff fails to show that a default judgment is a proper sanction for untimely responses to interrogatories – assuming for the sake of argument that the responses are untimely. The motion for default judgment is therefore denied.

**II.     Plaintiff's Motion to Compel Production.**

On June 30, 2011, Plaintiff moved to schedule a telephone conference to compel production of materials by Defendant. Doc. 51. The motion was made more than three months after the discovery deadline of March 25, 2011 (Doc. 24), and after motions for summary judgment had been filed. The Court's Case Management Order stated that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery[.]" *Id.* at 4. Plaintiff fails to explain the reason for his delay, fails to identify the materials sought, and fails to establish extraordinary circumstances. The motion will be denied as untimely.

**III.    Plaintiff's Motion for Summary Judgment.**

On June 17, 2011, Plaintiff moved for summary judgment. Doc. 47. The deadline for dispositive motions was April 29, 2011 (Doc. 24), and Plaintiff has failed to explain or establish good cause for the delay. *See* Fed. R. Civ. P. 16(b)(4) (good cause required to extend a litigation deadline). The motion will therefore be denied as untimely.

Defendant moves to strike the motion as untimely under Local Rule 7.2(m). Doc. 53. Because Plaintiff's motion is denied, the motion to strike will be denied as moot.

**IV.     Defendant's Motion for Summary Judgment and Summary Disposition.**

    **A.     Summary Disposition.**

On April 29, 2011, Defendant moved for summary judgment. Doc. 39. Plaintiff filed a response in opposition on June 17 (Doc. 46), and Defendant filed a reply on July 8 (Doc. 54). On June 20, Defendant moved for summary disposition of the motion on account of Plaintiff failing to file a timely response (Doc. 42), and Plaintiff filed a response that does not explain or show good cause for the untimely response (Doc. 56). The Court will grant

summary judgment in favor of Defendant by reason of Plaintiff's failure to file a timely response. LRCiv. 7.2(i). Accordingly, Defendant's motion to strike Doc. 56 (Doc. 58) is denied as moot. The Court also finds, as an independent matter, that Defendant is entitled to summary judgment on the merits as discussed below.

**B.     Merits.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To show disparate treatment under Title VII and the framework enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first "establish[] a prima facie case by showing that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Once a plaintiff establishes a prima facie case, the defendant may offer evidence of a legitimate, non-discriminatory reason for its action. If the defendant articulates such a reason, the plaintiff may present evidence that the proffered reason is pretextual. In this circuit, "a plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful

discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000) (citation omitted). "These two approaches are not exclusive; a combination of the two kinds of evidence may in some cases serve to establish pretext so as to make summary judgment improper." *Id.* "[A] disparate treatment plaintiff can survive summary judgment without producing any evidence of discrimination beyond that constituting his prima facie case, if that evidence raises a genuine issue of material fact regarding the truth of the employer's proffered reasons." *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)).

Plaintiff did not file a controverting statement of facts. As a result, Defendant's statement of facts is deemed admitted. LRCiv. 56.1(b). Those facts show Defendant is entitled to summary judgment on the merits.

Plaintiff, an African American man, was employed by Walmart. Doc. 40 at 1. Plaintiff's girlfriend, Tiffany Simpson, was also employed by Walmart. *Id.* at 2. Plaintiff had several disagreements with his girlfriend's supervisor (Gerald Mayo), and Plaintiff reported some of the issues to Walmart management, including a manager in Plaintiff's store, Brian Thorn. *Id.* at 2-6. In June, 2009, Plaintiff stopped a customer, an action that appears to be part of his job description, and asked to see a receipt.[1] *Id.* at 6. Mr. Thorn investigated the issue on June 15, Plaintiff submitted his resignation on June 16, and Walmart accepted the resignation. *Id.* The exhibit Defendant filed as the resignation letter expresses Plaintiff's disagreement with being "singled out before the investigation got on the way," and provided two weeks as Plaintiff's timeframe for leaving Walmart. Doc. 40-2 at 29. On June 20, Plaintiff went to Mr. Mayo's store, a verbal altercation ensued, the police were called, and Plaintiff was prohibited by the store from returning. Doc. 40 at 7. Ms. Simpson submitted her resignation at that time and left with Plaintiff. *Id.* That same day, Mr. Thorn sent an email to several staff members announcing that Plaintiff and his wife were no longer

---

[1] Plaintiff's summary judgment papers suggest this customer immediately punched Plaintiff and an altercation ensued. Doc. 47-1 at 10-11.

employed by the company. Doc. 40-2 at 31. Plaintiff subsequently applied for unemployment benefits, Defendant contested the filing on grounds that Plaintiff resigned, and Plaintiff was denied benefits. Doc. 40 at 8.

Defendant moves for summary judgment on the grounds that Plaintiff has failed to show discrimination or retaliation. Doc. 39. Plaintiff's response largely fails to address the relevant arguments or facts. Doc. 46. Plaintiff does not present evidence showing that similarly situated individuals outside his protected class were treated more favorably than he was, or other circumstances surrounding an adverse employment action that give rise to an inference of discrimination. Plaintiff does assert that a white male who was fired for sexual misconduct was not the subject of an email announcing the termination (*id.* at 5), but Plaintiff does not appear to contend that the email announcing his termination was an adverse employment action. Because Plaintiff has failed to address the relevant issues in Defendant's motion for summary judgment and has failed to present evidence sufficient to create a triable question of fact, Defendant is entitled to summary judgment on the merits.

## V. Plaintiff's Motion for Jury Trial.

Plaintiff moves to schedule jury trial and juror selection. Doc. 57. Because summary judgment has been granted to Defendant, the motion will be denied as moot.

**IT IS ORDERED:**

1. Plaintiff's motion for ruling (Doc. 55) is **granted in part** as stated above.
2. Plaintiff's motion for default judgment (Doc. 37) is **denied**.
3. Plaintiff's motion to compel (Doc. 51) is **denied** as untimely.
4. Plaintiff's motion for summary judgment (Doc. 47) is **denied** as untimely.
5. Defendant's motions to strike (Docs. 53 and 58) are **denied** as moot.
6. Defendant's motion for summary judgment (Doc. 39) is **granted**.
7. Defendant's motion for summary disposition (Doc. 42) is **granted**.

1  8.  Plaintiff's motion for jury trial (Doc. 57) is **denied** as moot.
2  9.  The Clerk is directed to terminate this action.

DATED this 12th day of August, 2011.

_____
David G. Campbell
United States District Judge